**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cartessa Aesthetics LLC, | No. CV-19-05827-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aesthetics Biomedical Incorporated, | |
| Defendant. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to

invoke diversity jurisdiction should be able to *allege affirmatively* the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added).

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, *the citizenship of all of the members must be pled*." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (emphasis added).

Plaintiff Cartessa Aesthetics, LLC, ("Cartessa") alleges that this Court has jurisdiction based solely on 28 U.S.C. § 1332 (diversity). (Doc. 1 ¶ 9.) Cartessa alleges that Defendant Aesthetics Biomedical, Inc., "is a Delaware corporation with a principal place of business at 4602 N. 16th Street, #300, Phoenix, AZ 85016." (*Id.* ¶ 7.) This allegation establishes that Defendant is a citizen of Delaware and Arizona. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) (A corporation is "deemed a citizen of its place of incorporation and the location of its principal place of business.").

Cartessa fails, however, to affirmatively allege its own citizenship. Rather, Cartessa alleges that it "is a New York limited liability company with its principal place of business at 175 Broadhollow Road, Melville NY 11747." (Doc. 1 ¶ 6.) The location of the principal place of business is irrelevant to the legal test of citizenship of an LLC for diversity purposes. Cartessa also alleges that "[n]one of Cartessa's members resides [sic] in Delaware or Arizona." (*Id.*) This allegation is insufficient because it merely alleges a negative; it does not allege "affirmatively" the citizenship of all of the members. *Kanter*, 265 F.3d at 857; *NewGen*, 840 F.3d at 611. Moreover, to the extent that Cartessa's members are natural individuals (as opposed to corporations or other LLCs), allegations as to their state of *residence* will not suffice. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the

United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted).

Thus, Cartessa must list its own members and affirmatively allege the citizenship of each, using the proper legal standard for each—it must include the place of domicile for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of Cartessa's members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

The Court will allow Cartessa to amend its defective complaint.[1] *See NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Accordingly,

**IT IS ORDERED** that by **January 17, 2020**, Cartessa shall file a supplement to the complaint properly alleging its citizenship, including listing the citizenship of each of its members.

**IT IS FURTHER ORDERED** that if Cartessa fails to timely file its supplement, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 17th day of December, 2019.

Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Cartessa's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).