**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cartessa Aesthetics LLC, | No. CV-19-05827-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aesthetics Biomedical Incorporated, | |
| Defendant. | |

On September 24, 2020, the parties filed a joint notice of discovery dispute. (Doc. 72.) On September 30, 2020, the Court heard oral argument. Having consider the parties' arguments and conducted additional research, the Court rules as follows.

1. Cartessa objects to ABM's issuance of 38 subpoenas to various non-parties, arguing that (1) ABM failed to provide prior notice of the subpoenas, as required by Rule 45(a)(4); (2) the subpoenas are unenforceable because each recipient is located more than 100 miles from the specified place of production, in violation of Rule 45(c)(2); and (3) the subpoenas are "unduly burdensome," are "intended to harass Cartessa's customers," and constitute "an attempt to improperly shift the burden of discovery onto non-parties." (Doc. 72 at 1.)

These objections are unavailing. As for the notice issue, Rule 45(a)(4) provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be

served on each party." Here, although ABM failed (due to an apparent clerical error) to provide notice to Cartessa before serving some of the subpoenas—which was a violation of Rule 45(a)(4)—the delay in notice was very short. ABM provided the subpoenas to a third-party service company on September 8, which thereafter began serving them, and Cartessa received notice on September 9. Notably, some of the subpoenas weren't served by the third-party company until September 10, meaning there was no Rule 45(a)(4) violation in those instances.

Although "[s]ome courts insist on strict compliance with the notice requirement in Rule 45(a)(4) . . . other courts have taken a less literal approach and will not quash a subpoena where the opposing party has received notice of the subpoena in time to raise objections and has not been prejudiced by the violation." *Littlefield v. NutriBullet, LLC*, 2018 WL 5264148, *5 (C.D. Cal. 2018). For example, in *In re William P. McCuan, Debtor*, 2018 WL 11205795 (M.D. Fla. 2018), the court declined to quash subpoenas where service occurred on March 8 and notice was provided on March 9, holding that although the issuing party "failed to comply with the technical requirements in Rule 45(a)(4)," there was no prejudice. *Id.* at *2. The Court finds this approach persuasive and declines to quash the subpoenas in this case due to ABM's partial non-compliance with Rule 45(a)(4). Cartessa has now been afforded an opportunity to raise its substantive objections to the subpoenas, which the Court rejects for the reasons discussed below, and it would put form over substance to require ABM to re-issue the subpoenas simply to remedy the Rule 45(a)(4) issue.

As for the 100-mile issue, Rule 45(c)(2)(A) provides that "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person" but Rule 45(d)(2)(A) provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." Many

courts have concluded these provisions may be harmonized by interpreting "Rule 45(c)(2)(A)'s 100-mile boundary [as] not apply[ing] where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents." *CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017). *See also Elsom v. Global Life & Accident Ins. Co.*, 2018 WL 4092020, *2 (D. Or. 2018) ("[C]ases from this circuit and others . . . have held that Rule 45(c)(2)(A)'s 100-mile boundary does not apply where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents.") (citations omitted); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, 2014 WL 3573400, *4 (S.D. Ca. 2014) ("Although the challenged subpoenas seek production of documents at a designated location in San Diego, California, the subpoenas do not require any travel by the third parties. Accordingly, the Court finds that Defendant's challenge to the validity of the subpoenas on the ground that they require compliance beyond the geographical limits specified in FRCP 45 is without merit."); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("Counsel's argument that the subpoena is invalid because it requires CFS to produce documents at a location 'well over the 100 mile limit . . .' is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents 'need not appear in person at the place of production or inspection.' The subpoena can be enforced.") (citation omitted). The Court agrees with this approach, so Cartessa's 100-mile challenge is rejected.

The Court also clarifies that the recipients of ABM's subpoenas <u>need not</u> appear in person at the production address identified in the subpoenas (which is in Tempe, Arizona). Instead, they may comply by emailing the requested materials to ABM's counsel. *See* Fed. R. Civ. P. 45(d)(3)(ii) (a district court must "quash *or modify* a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)") (emphasis added). *Cf. CresCom Bank*, 269 F. Supp. 3d at 713-14 (even if the 100-mile rule applies to document subpoenas, the proper remedy is not to quash the subpoena but to modify the subpoena to allow the recipient "to produce the records either electronically or at a physical

location closer to" the recipient); *Sams v. GA W. Gate, LLC*, 316 F.R.D. 693, 696-97 (N.D. Ga. 2016) (although party violated the 100-mile rule when issuing document subpoenas, "this violation does not require that the subpoena be quashed; the court may modify the subpoena . . . to allow service of responsive documents by email").

Finally, as for Cartessa's objections of burdensomeness and harassment, it is unnecessary to resolve the parties' dispute over whether Cartessa has standing to raise such objections under Rule 26. Even if Cartessa has standing, its objections fail on the merits for the reasons stated by ABM's counsel during the hearing.

Accordingly, Cartessa's objections to the subpoenas are overruled. ABM is ordered to provide Cartessa with a copy of the documents it receives pursuant to the subpoenas. Such production must be made on a rolling basis within seven days of receipt.

2. In the joint notice, Cartessa also included a request to compel ABM to "produce its complete financial database from February 2017 through February 2020." (Doc. 72 at 1-2.) For the reasons discussed during the hearing, that request is denied without prejudice. The Court is hopeful that ABM included the requested information in the discovery materials it produced to Cartessa on September 30. If not, the parties are strongly encouraged to meet and confer. And if the parties remain at an impasse following those meet-and-confer efforts, Cartessa may renew its request for relief.

Dated this 1st day of October, 2020.

_____
Dominic W. Lanza
United States District Judge