**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cartessa Aesthetics LLC, | No. CV-19-05827-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aesthetics Biomedical Incorporated, | |
| Defendant. | |

On November 3, 2020, Defendant Aesthetics Biomedical, Inc. ("ABM") filed an expedited motion asking the Court to cancel a series of depositions that are scheduled to occur over the next five weeks. (Doc. 92.) Plaintiff Cartessa Aesthetics, LLC ("Cartessa"), which noticed the depositions at issue, opposes ABM's request. (Doc. 93.) For the following reasons, ABM's motion will be denied.

## RELEVANT BACKGROUND

On December 16, 2019, Cartessa initiated this action. (Doc. 1.)

On March 12, 2020, the parties filed the Rule 26(f) report. (Doc. 34.) Among other things, the parties reported that they "do not expect to add additional parties or amend pleadings" and agreed that July 31, 2020 would be an acceptable deadline for the completion of fact discovery. (*Id.* at 2, 8.)

On March 27, 2020, the Court issued the Rule 16 scheduling order. (Doc. 46.) It accepted the parties' proposals on these points, specifying that "[n]o motions to join parties, amend pleadings or filing supplemental pleadings shall be filed" and that the deadline for

1   completing fact discovery was July 31, 2020. (*Id.* at 1-2.) The scheduling order also stated
2   that "the Court will not extend the case management deadlines if and when the parties elect
3   to pursue settlement efforts, including a settlement conference before a magistrate judge.
4   The parties should plan their settlement efforts accordingly." (*Id.* at 7.)

5         On June 18, 2020, the parties jointly requested a referral to a magistrate judge for a
6   settlement conference. (Doc. 57.) This request was granted. (Doc. 58.)

7         On August 5, 2020, the settlement conference took place. (Doc. 64.) The parties
8   were unable to reach a settlement. (*Id.*)

9         On August 12, 2020, the parties filed a joint status report that, among other things,
10  included new proposed case management deadlines. (Docs. 67, 67-1.)

11        On August 13, 2020, the Court issued an order accepting the parties' proposed dates.
12  (Doc. 69.) Specifically, although the Court did not alter the deadline for amending the
13  pleadings (because it had already expired and the parties did not request a retroactive
14  extension), the Court extended the deadline for final supplementation of MIDP responses
15  and the completion of fact discovery (except for depositions) to September 30, 2020 and
16  extended the fact-witness deposition deadline to December 11, 2020. (*Id.*)

17        On September 24, 2020—that is, six days before the deadline for completing fact
18  discovery—the parties filed a joint stipulation for leave to allow amendments to the
19  pleadings. (Doc. 73.) Upon receipt of this stipulation, the Court clarified that leave of
20  court was unnecessary under Local Rule 15.1(b) in light of the parties' written consent to
21  the dueling amendments. (Doc. 74.)

22        On September 24, 2020, the also parties filed a joint notice of discovery dispute,
23  which primarily addressed the propriety of ABM's issuance of Rule 45 subpoenas to
24  various non-parties. (Doc. 72.)

25        On September 28, 2020, pursuant to the parties' stipulation, Cartessa filed its second
26  amended complaint ("SAC"). (Doc. 80.)

27        On October 1, 2020, the Court issued an order rejecting Cartessa's objection to
28  ABM's issuance of the subpoenas. (Doc. 84.)

1   On October 15, 2020, again pursuant to the parties' stipulation, ABM filed its
2   answer to the SAC and amended counterclaims. (Doc. 88.)

3   On October 26, 2020, Cartessa filed a motion to dismiss some of ABM's new
4   counterclaims. (Doc. 89.) That motion is not yet fully briefed.

5   On October 30, 2020, ABM filed an opposed motion to extend all case management
6   deadlines by 90 days. (Doc. 90.) That motion, which the Court agreed to expedite, is not
7   yet fully briefed.

8   On November 3, 2020, ABM filed the pending motion to cancel depositions. (Doc.
9   92.) Later that day, Cartessa filed an opposition. (Doc. 93.)

## DISCUSSION

Cartessa has scheduled a series of depositions to occur between now and December 11, 2020, which is the current deadline for the completion of fact witness depositions. ABM now asks the Court to "issue an expedited ruling postponing the scheduled depositions" until it rules on ABM's other pending procedural motion, which seeks to extend the case management deadlines. According to ABM, good cause exists for this request because (1) Cartessa's SAC added five new claims and "each of these claims requires preparation for depositions"; (2) "Cartessa filed a Motion to Dismiss [ABM's counterclaims] which may affect the deposition testimony"; (3) "Cartessa has not complied with the MIDP [Mandatory Initial Discovery Pilot] and ABM is missing discovery[,] making diligent and meaningful preparation impossible"; and (4) one of the depositions was not properly noticed because the deponent (Kaitlynn Morris) is not one of ABM's officers, directors, or managing agents, so Cartessa was "required to" subpoena her but "did not." (Doc. 92 at 2-3.)

These arguments lack merit. First, ABM can hardly complain about the presence of new claims in the SAC because it stipulated to the filing of that pleading. (Doc. 73.) Notably, ABM entered into this stipulation even though the deadline for amending the pleadings had expired months earlier and even though the deadline for completing fact witness depositions—which the Court had already reset to December 11, 2020 at the

parties' joint request—was looming. Given this backdrop, ABM cannot point to the presence of new claims within the SAC as a reason for cancelling the scheduled depositions.

Second, and similarly, the presence of a pending motion to dismiss some of ABM's new counterclaims doesn't constitute a good reason to cancel the depositions. ABM presumably believes its counterclaims will survive dismissal. There is nothing unfairly prejudicial about requiring ABM to prepare for depositions based on that assumption. At worst, it will have overprepared. Also, Cartessa acknowledges in its response that "it will not object to ABM asking any questions regarding any of ABM's counterclaims that Cartessa has partially moved to dismiss." (Doc. 93 at 3.)

Third, the Court has no way of evaluating, based on the limited materials provided by the parties, whether Cartessa's written discovery disclosures are incomplete. Nevertheless, the mere existence of a dispute over this issue doesn't provide good cause to cancel the depositions. If ABM is later able to demonstrate that Cartessa's disclosures are incomplete, and if ABM is also able to demonstrate that these deficiencies impaired its ability to depose the witnesses at issue, ABM may at that time move to re-open the depositions at Cartessa's expense. That would remedy any harm arising from the allegedly incomplete disclosures.

Fourth, as for the Morris deposition, Cartessa responds that it "fully intends to issue a subpoena to her to the extent that ABM will not produce her pursuant to a notice of deposition." (Doc. 93 at 3.) This outcome seems sensible to the Court.

…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that:

(1) ABM's motion (Doc. 92) is **denied**.

(2) Cartessa must, by **November 6, 2020**, issue a subpoena to Ms. Morris.

Dated this 5th day of November, 2020.

Dominic W. Lanza
United States District Judge