**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cartessa Aesthetics LLC, | No. CV-19-05827-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aesthetics Biomedical Incorporated, | |
| Defendant. | |

Pending before the Court is an expedited motion by Defendant Aesthetics Biomedical, Inc. ("ABM") to amend the scheduling order by extending all non-expired deadlines by 90 days. (Doc. 90.)[1] Plaintiff Cartessa Aesthetics, LLC ("Cartessa") opposes ABM's request for a 90-day extension, makes an affirmative request for permission to conduct 16 depositions, and asks for a four-week extension so it can complete all of its desired depositions. (Doc. 96.) In reply, ABM doesn't oppose Cartessa's request to conduct 16 depositions but argues that it, too, should be allowed to conduct 16 depositions. (Doc. 98.)

ABM's extension request is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that the dates set forth in a scheduling order "may be modified only for good cause and with the judge's consent." This "good cause" standard "primarily considers the diligence of the party seeking the amendment . . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . . If that

---

[1] ABM's motion also included a request to "vacate the currently set depositions" (Doc. 90 at 6) but ABM withdrew that request in its reply (Doc. 98 at 2).

party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992).

Here, many of the reasons set forth in ABM's motion do not constitute "good cause" for an extension. For example, although it's true that the parties' recent filing of amended pleadings has expanded the scope of this litigation, ABM consented to those amendments (even though they occurred after the amendment deadline set forth in the scheduling order). Because ABM consented to the very situation it now finds itself in, the existence of that situation hardly qualifies as good cause to modify the scheduling order. *Cf. Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (under Rule 16(b)(4), the party seeking amendment must show that noncompliance will occur "because of the development of matters which could not have been reasonably foreseen or anticipated"). Nor does "good cause" arise from Cartessa's filing of a motion to dismiss some of ABM's new counterclaims. It would be one thing if *Cartessa* were seeking an extension of the existing deadlines in light of the pending motion to dismiss. It is quite another for a party that has asserted affirmative claims for relief, and that presumably believes those claims will survive dismissal, to argue the case should be stayed or extended until the dismissal motion is resolved.

If the inquiry were limited to the arguments set forth in ABM's motion, the presence or absence of "good cause" would present a very close call. Nevertheless, the playing field has shifted in light of Cartessa's request to conduct 16 depositions (which the Court will grant, both for the reasons provided in Cartessa's brief and based on the fact that the request is unopposed by ABM). There isn't enough time to complete all of those depositions between now and the discovery cutoff. The Court also concludes that, in fairness, ABM should be allowed to conduct 16 depositions, too. It would be unreasonable to expect the parties to complete all of the newly authorized depositions in the modest four-week window proposed by Cartessa.

…

…

Accordingly,

**IT IS ORDERED** that ABM's expedited motion to amend the scheduling order (Doc. 90) is **granted**. All non-expired deadlines in the scheduling order are extended by 90 days.

**IT IS FURTHER ORDERED** that Cartessa's request for permission to conduct 16 depositions (Doc. 96) and ABM's request for permission to conduct 16 depositions (Doc. 98) are granted.

Dated this 13th day of November, 2020.

Dominic W. Lanza
United States District Judge